**FILED**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

MAR 18 2021

BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | No. 1:20cr79 (1) |
| JONATHAN LIMBRICK (1) | § § | |

## FACTUAL BASIS

The government presents to the Court, by and through the undersigned Assistant United States Attorney in and for the Eastern District of Texas, joined by the defendant **Jonathan Limbrick**, and the defendant's attorney Bryan Owens, and presents this factual basis and stipulation in support of the defendant's plea of guilty to Count One of the Indictment and in support thereof, would show the following:

1. That the defendant **Jonathan Limbrick**, hereby stipulates and agrees to the truth of all matters set forth in this factual basis and stipulation, and agrees that such admission may be used by the Court in support of his plea of guilty to Count One of the Indictment, alleging a violation of 21 U.S.C. § 846, Conspiracy to possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine.

2. That the defendant, **Jonathan Limbrick**, who is pleading guilty to such Indictment, is one and the same person charged in the indictment.

Factual Basis- Page 1

3. That the events described in the Indictment occurred in the Eastern District of Texas.

4. That had this matter proceeded to trial, the government, through the testimony of witnesses, including expert witnesses, and through admissible exhibits, would have proven, beyond a reasonable doubt, each and every essential element of the offense alleged in the Indictment; specifically, the government would have proven:

Beginning in 2018, the Drug and Enforcement Administration (DEA), the Bureau of Alcohol Tobacco, Firearms, and Explosives (ATF) and the Jasper Police Department (JPD) began an investigation into the Limbrick Drug Trafficking Organization (Limbrick DTO), operating out of Jasper, Texas, which is in the Eastern District of Texas.

On September 12, 2018, law enforcement officers utilized a confidential source to arrange the purchase of methamphetamine from Jonathan Limbrick "Limbrick." The CS called Limbrick's phone and arranged the purchase of an ounce of methamphetamine. Jonathan Limbrick directed the CS to go to "Pokes," house, also known as Don Larkin "Larkin." The CS met with Larkin initially in his car located at his residence in Jasper, Texas, then they proceeded to Larkin's residence. Larkin removed two bags of a clear crystal substance believed to be methamphetamine from a WD-40 can with a false bottom. Limbrick arrived a short time later. The CS provided Larkin with approximately $500. Larkin then handed the money to Limbrick, who put it in his pocket and Limbrick gave the CS

Factual Basis- Page 2

the methamphetamine. The CS then provided the officers with the methamphetamine collected. The suspected methamphetamine was submitted to the DEA South Central Laboratory, and it determined the substance to be d-methamphetamine Hydrochloride with a 98 percent purity in the amount of 27.081 grams.

On July 28, 2019, law enforcement officials utilized a CS to arrange the purchase of methamphetamine from Limbrick. Limbrick directed the CS to travel to the America's Best Value Inn, located in Jasper, Texas. After contacting Limbrick again, Limbrick directed the CS to travel to the Whataburger, on Wheeler Street in Jasper, Texas. After arriving at the Whataburger, Curtis Brumley (Brumley) approached and entered the CS's vehicle and informed the CS to drive to another location which Limbrick had instructed Brumley to drive too with the CS, which was also located in Jasper, Texas. Upon arrival a vehicle pulled up behind the CS's vehicle, and Cedrick Hunt (Hunt) exited the vehicle, approached the CS's vehicle and placed a plastic bag on the CS's floorboard that appeared to contain suspected methamphetamine. The CS provided Hunt with $500. The CS asked for change and Hunt and the CS exited the vehicle, walked toward the vehicle that Hunt had exited, and both spoke to Limbrick who was seated in Hunt's passenger seat. Hunt was given $46 dollars in change by Limbrick to provide to the CS. The CS asked Limbrick for a scale, but Limbrick indicated the weight was good. The CS then provided officers with the suspected methamphetamine. The suspected methamphetamine was submitted to the DEA's

South Central Laboratory for analysis. It determined the substance to be 27.31 grams of d-methamphetamine Hydrochloride at a 99 percent purity.

On September 5, 2019, a deputy with the Liberty County Sheriff's office noticed the driver of a red Toyota Corolla to not be wearing a seatbelt. As the deputy made contact with the occupants of the vehicle he immediately noticed the smell of burnt marijuana. The driver of the vehicle was identified as Limbrick, and the passenger as Rhonda Monschelle Felder (Felder). Limbrick admitted to smoking marijuana in the vehicle. As deputies were questioning the occupants they noticed a clear plastic bag bulging out of Felder's purse. Officers recovered her bag and noticed it contained roughly two hundred grams of a substance believed to be methamphetamine. In a post Miranda statement Limbrick admitted there were approximately six (6) ounces in the bag recovered from Felder's purse and that he (Limbrick) paid $1,800 for the methamphetamine. The suspected methamphetamine was submitted to the DEA's South Central Laboratory and it determined the substance to me d-Methamphetamine Hydrochloride with a purity of 99 percent in the amount of 195.7 grams.

Johnathan Limbrick admits that he agreed with two or more persons, directly or indirectly to possess with the intent to distribute methamphetamine; knowing that the agreement to possess with the intent to distribute methamphetamine was unlawful; and that he joined the agreement willfully, intending to further the possession with intent to distribute methamphetamine. That the defendant knew or reasonably should have known the scope of the

conspiracy involved at least two hundred and fifty (250) grams of methamphetamine.

### DEFENDANT'S SIGNATURE AND ACKNOWLEDGMENT

5. I have read this factual basis and stipulation and the Indictment or have had them read to me and have discussed them with my attorney. I fully understand the contents of this factual basis and stipulation and agree without reservation that it accurately describes the events and my acts.

Dated: 3/18/21

Jonathan Limbrick
Defendant

### DEFENSE COUNSEL'S SIGNATURE AND ACKNOWLEDGMENT

6. I have read this factual basis and stipulation and the Indictment and have reviewed them with my client, **Jonathan Limbrick**. Based upon my discussions with the defendant, I am satisfied that the defendant understands the factual basis and stipulation as well as the Indictment and is knowingly and voluntarily agreeing to these stipulated facts.

Dated: 3/18/21

Bryan Owens
Attorney for the Defendant

Respectfully submitted,

NICHOLAS GANJEI
ACTING UNITED STATES ATTORNEY

/s/ Russell James
Russell James
Assistant United States Attorney
Eastern District of Texas
350 Magnolia, Suite 150
Beaumont, Texas 77701
409/839-2538
409/839-2550 Fax
Texas Bar No. 24071416

Factual Basis- Page 6