IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO.1:20-CR-79 |
| | § | |
| JONATHAN LIMBRICK (1) | § | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO WITHDRAWL PLEA

COMES NOW THE UNITED STATES OF AMERICA, by and through the United States Attorney and files the Government's Response to Defendant's Motion to withdraw plea. For the following reasons this Honorable Court should deny the motion to withdraw plea.

I.

## THE COURT SHOULD DENY THE DEFENDANT'S REQUEST TO WITHDRAW HIS PLEA

If this Honorable Court should decide to entertain the Defendant's motion to withdraw his plea, the Court should deny the motion because his claim is untimely, and he claims he is unaware of what he was signing, which is contrary to what he swore to under oath at the plea hearing.

Once the district court accepts a defendant's guilty plea, the defendant has no absolute right to withdraw his plea. Fed. R. Crim. P. 11(d); *United States v. Conroy*, 567

F.3d 174, 177 (5th Cir. 2009). A district court may grant a motion to withdraw a guilty plea upon a showing of "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In assessing whether there is a fair and just reason for withdrawal of the guilty plea, the district court should consider the factors set forth in *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984). "[T]he burden of establishing a fair and just reason for withdrawing a guilty plea rests with the defendant." *United States v. Brewster*, 137 F.3d 853, 858 (5th Cir. 1998). The district court should base its decision on the totality of the circumstances. *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009).

In reviewing the denial of a motion to withdraw a guilty plea, this Court considers seven factors, namely, whether: (1) the defendant asserted his innocence; (2) withdrawal would prejudice the government; (3) the defendant delayed in filing the withdrawal motion; (4) withdrawal would inconvenience the court; (5) adequate assistance of counsel was available; (6) the plea was knowing and voluntary; and (7) withdrawal would waste judicial resources. *United States v. Mendoza-Mata*, 322 F.3d 829, 834 (5th Cir. 2003), *citing United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). These are commonly referred to as the *Carr* Factors. No single factor or combination of factors mandates a particular result. *Id.* In this case, the Defendant falls well below the level required to meet the burden that he should be allowed to withdraw his plea.

The following addresses the *Carr* Factors to establish that the Defendant has failed and cannot establish that he should be allowed to withdraw his plea.

II.

## THE GOVERNMENT DID NOT MEET WITH MR. LIMBRICK WITHOUT HIS ATTORNEY PRESENT

Mr. Limbrick claims the government met with Mr. Limbrick without his attorney. This is simply not true. Mr. Limbrick was on the eve of trial, his attorney was under a COVID-19 lockdown, and could not meet with his client to discuss signing a plea agreement. On March 12, 2021, a motion to continue was filed with this court in which Mr. Limbrick and defense counsel were not in a position to make a choice on whether to plead guilty or not. On the same day this court denied that motion. The undersigned U.S. Attorney with the permission of Mr. Limbrick's defense counsel, met with Mr. Limbrick in person with his attorney on the telephone, given the circumstances. The undersigned U.S. Attorney left the room several times so that Mr. Limbrick can confer with this attorney before signing a *favorable* plea agreement. Given the denial of a motion for continuance, and the defense counsels inability to travel from Houston, Texas to Beaumont, this was the only way to secure a signature on the plea agreement. Furthermore, the defense counsel did not bring up any issues with this meeting at the plea hearing and neither did Mr. Limbrick.

III.

## *U.S. v. Carr,* 740 F.2d 339 (5th Cir. 1984) Factors

  A.   *Carr Factor (1), Assertion of Innocence*

The Defendant fails to assert any specific facts to support a claim that he is innocent of the charges on which he has admitted, under oath, of both his guilt and his involvement in the offenses. To the contrary, during the Rule 11 plea hearing the defendant admitted he signed the factual basis, and that it was true and correct. In fact, Defendant pled guilty on, a plea hearing was held before this honorable court, and none of the issues raised in this March 18, 2021 motion were presented by defense counsel (Bryan Owens) or Mr. Limbrick. The Defendant's motion to withdraw his plea was filed on August 19, 2021. The time frame between the date the Defendant pled guilty and the time the motion to withdraw plea was filed in 154 days. In such instances, the Court of Appeals for the Fifth Circuit has repeatedly held that a claim of innocence (which is not present here), standing alone, does not justify the withdrawal of a guilty plea. *Brewster*, 137 F.3d at 858 (belated claim of innocence is far from sufficient to merit withdrawal of guilty plea); *Grant*, 117 F.3d at 789-90 (assertion that "I can't in good conscience stand up here and say that I'm guilty if I feel in my heart that I'm innocent" found insufficient to establish this factor); *United States v. Hurtado*, 846 F.2d 995, 997 (5th Cir. 1988) (unadorned claim of innocence found insufficient); *Carr*, 740 F.2d at 344 (same); *United States v. Rasmussen*, 642 F.2d 165, 167-68 (5th Cir. 1981) (same). To the contrary, the Supreme Court's decision in *Kercheval v. United States*, 274 U.S. 220, 47 S.Ct. 582 (1927), requires a defendant to give the Court good, specific, and factual reasons for the withdrawal of a guilty plea. *Rasmussen*, 642 F.2d at 169.

    B.    *Carr Factor (2), Prejudice to the United States*

The absence of proof of specific prejudice to the government does not give the defendant an absolute right to withdraw a guilty plea. *Rasmussen*, 642 F.2d at 168. To the contrary, the Fifth Circuit Court of Appeals has affirmed cases where motions to withdraw pleas were denied despite a concession from the government that it would inure no prejudice should the court permit the withdrawal. *See, e.g., United States v. Benavides*, 793 F.2d 612, 616 (5th Cir.), *cert. denied*, 479 U.S. 868 (1986).

Here, however, there is no question that the Government will be prejudiced should the withdrawal motion be granted. The Government anticipated the guilty plea would be honored in this case, and the sentence would be rendered accordingly. Since the plea of guilty was entered, the Government has taken on new matters in anticipation that the case would proceed to sentencing. The Government would now have to re-allocate resources; it had devoted elsewhere to prepare for trial.

    C.    *Carr Factor (3), The Delay in Filing the Withdrawal Motion*

The record reflects the Defendant pled guilty on March 18, 2021. The time frame between the day the Defendant pled guilty and the day the motion to withdraw his plea was field is 154 days. In such instances, the Court of Appeals for the Fifth Circuit has repeatedly held that a claim of innocence, standing alone, does not justify the withdrawal of a guilty plea. Thus, there was a lengthy delay between the dates of his plea and motion to withdrawal. This Court should consider the motion untimely. *See Brewster*, 137 F.2d at 858 (affirming district courts' finding that delay of three months before filing eleventh-hour motion to withdraw guilty plea was untimely); *Grant*, 117 F.3d at 790

(same); *Hurtado*, 846 F.2d at 997 (same where motion to withdraw guilty plea made seven weeks after pleading guilty); *Carr*, 740 F.2d at 346 (22 days after guilty plea considered untimely). As the Court noted in *Hurtado* --

> Rule 32, however, was not intended "to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if [s]he believes that [s]he made a bad choice."

*Hurtado*, 846 F.2d at 997, quoting *Carr*, 740 F.2d at 345.

The longer a defendant delays in filing a withdrawal motion, the more substantial reasons he must establish for the delay. *Benavides*, 793 F.2d at 617 (eight month delay). The standard for judging a defendant's reasons for a delay is low where the withdrawal motion comes only days after the plea was entered. Where, however, a motion comes later -- in this instance 120 days after the entry of a guilty plea-- a defendant must meet a more demanding standard. *Carr*, 740 F.2d at 346.

  D. *Carr* Factors (4) and (7), Withdrawal will waste judicial resources and cause inconvenience to the trial court:

The Court of Appeals for the Fifth Circuit has found that, where the granting of a late motion to withdraw a guilty plea would disrupt the trial docket, inconveniencing the Court and wasting additional resources, it is a proper exercise of the district court's discretion to deny the withdrawal. *Grant*, 117 F.2d at 790; *Carr*, 740 F.2d at 345-46. In assessing this factor, the Court in *Carr* found it appropriate for a district court to consider that the case was of "great magnitude" and would take weeks to try. *Id*. Both these factors are present here.

This Court may also consider whether the rights of other accused persons awaiting trial would be affected by the loss of their position on the calendar should this case go to trial. *Carr*, 740 F.2d at 346. These findings would support the Court's denial to permit, after the Defendant has been sentenced, to withdraw his plea of guilty.

  E. *Carr Factor (5), Adequate assistance of counsel was available*

The assistance of able counsel throughout the plea process "weighs heavily against withdrawal of [the] plea." *United States v. Still*, 102 F.3d 118, 126 (5th Cir. 1996) *cert. denied*, 522 U.S. 806, 118 S.Ct. 43 (1997). It is without question that defense counsel was highly effective -- he negotiated a plea which was favorable to the Defendant. He received a Rule 11(c)(1)(c) agreement of 144 months which is below the calculated guidelines in this case.

  F. *Carr Factor (6), Plea was knowing and voluntary*

The rational for allowing a defendant to withdraw a guilty plea is to permit him or her to undo a plea that was ***unknowingly*** made at the time that it was entered. *United States v. Carr,* 740 F.2d 339, 344, (5th Cir. 1984), citing *Everett v. United States*, 336 F.2d 979, (D.C. Cir. 1964), *cert. denied*, 471 U.S. 1004 (1985). The Rule was not meant to permit a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain permission to withdraw that plea if he or she believes that pleading guilty was a bad choice. *Id*. The burden of establishing a fair and just reason for withdrawing his plea remains at all time with the Defendant. *Still*, 102 F.3d at 124; *Hurtado*, 846 F.2d at 997.

As the Fifth Circuit has held, a plea is not rendered involuntary because counsel strongly urges a defendant to plea. *Jones v. Wainwright*, 604 F.2d 414, 416 (5th Cir. 1979). Rather, where an attorney "determines, in his professional judgment, that a guilty plea is in his client's best interest, the plea will not be set aside on the ground that such advice amounted to coercion by the attorney." *Id.* See *Anderson v. Henderson*, 439 F.2d 711, 712 (5th Cir. 1971).

The Defendant makes no claim that the plea was not knowing and voluntary. At the time of his plea of guilty, the Defendant under oath informed the court that; he believed he was mentally competent to enter his plea; no one had forced him to plead guilty against his will; he was in fact guilty of the charges in the indictment; no one had threatened him; he understood the charges against him. The Defendant also told the Court that he understood his right to have a jury trial, his right to cross-examine witnesses, his right to remain silent, the presumption of innocence, and his right to present evidence if he so chose. The Defendant told the Court he wanted to waive those rights and enter a plea of guilty. The Defendant told the Court he was fully satisfied with his counsel and that he had no complaints about his attorney. The Defendant was advised of the maximum statutory punishment and he said he understood it. The Court found that the Defendant was competent and capable of entering an informed plea. That the Defendant was aware of the nature of the charges and the consequences of his plea. That his plea of guilty was entered knowingly and voluntarily.

In the written Plea Agreement, the Defendant acknowledged he had read the Plea

Agreement and had reviewed it with his attorney; that he fully understood it and voluntarily agreed to it.

In summary, the Defendant declared in open court and under oath that his plea was not the result of any force or coercion nor was it the result of any promises made to him. It is well-established that "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 74 (1977).

The Court of Appeals for the Fifth Circuit has emphatically stated that it would not allow a defendant to withdraw a guilty plea simply on a lark --

> after a defendant has sworn in open court that [s]he actually committed the crimes, after [s]he has stated that [s]he is pleading guilty because [s]he is guilty, after the court has found a factual basis for the plea, and after the court has explicitly announced that it accepts the plea . . . .

*Grant*, 117 F.3d at 791. To do so would "degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess." *Id*.

### III.

### CONCLUSION:

As the Fifth Circuit has held:

> Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. In fact, however, a guilty plea is no such trifle, but a "grave and solemn act," which is "accepted only with care and discernment."

Grant, 117 F.3d at 791, quoting United States v. Hyde, 117 S.Ct. 1630, 1634 (1997) (citations omitted.).   Here, that plea was accepted by the Court with "care and discernment."   For that and the foregoing reasons, the Defendant's Motion to Withdraw his Guilty Plea 120 days after he pled guilty and after he was sentenced should be denied.

IV.

WHEREFORE PREMISES CONSIDERED, the Government prays that this honorable court deny the Defendant's Motion to withdraw his plea.

Respectfully Submitted

NICOLAS J. GANJEI
ACTING UNITED STATES ATTORNEY

/s/ Russell E. James
Russell E. James
Assistant U. S. Attorney
Eastern District of Texas
550 Fannin Suite 1250
Beaumont, Texas 77701
409/839-2538
409/839-2550 Fax
Texas Bar No. 24071416
Russell.James@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent to James Makin, counsel of record, on this the 7th day of September via the CM/ECF system.

  /s/Russell E. James
Russell E. James
Assistant U. S. Attorney
Eastern District of Texas
550 Fannin St. Suite 1250
Beaumont, Texas 77701
409/839-2538
409/839-2550 Fax
Texas Bar No. 24071416
Russell.James@usdoj.gov